Filed 7/15/21  P. v. Shaw CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075960 |
| v. | (Super.Ct.No. FVI17001556) |
| JOHNNY SHAW, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed with directions.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

In a previous appeal, we affirmed defendant Johnny Shaw's conviction on an attempted robbery charge, but remanded for resentencing in light of recently enacted

1

changes in the law relating to sentencing enhancements. (*People v. Butler et al.* (Mar. 10, 2020, E071471) [nonpub. opn.].) On remand, the trial court struck a number of previously imposed enhancements and sentenced Shaw to an indeterminate term of 25 years to life. In this appeal, Shaw challenges his new sentence in several respects, arguing that (1) the trial court abused its discretion by denying his renewed *Romero* motion[1]; (2) the sentence amounts to cruel and unusual punishment; and (3) the minute order of the resentencing hearing and the abstract of judgment should be corrected to accurately reflect the judgment.

The People concede, and we agree, that the resentencing minute order and abstract of judgment should be corrected. We reject Shaw's other arguments and affirm the judgment.

## I. BACKGROUND

Because the facts of this case were described in detail in our previous opinion, we do not repeat them here, except to the extent necessary to address the issues now before us. (See *People v. Butler et al.*, *supra*, E071471.)

Shaw (together with his codefendant Kevin Lemont Butler, who is not a party to this appeal) was accused of attempting to rob a gas station convenience store. The jury rejected Shaw's arguments that he had only been joking and found him guilty of one count of attempted robbery (Pen. Code[2], §§ 664, 211). In our previous opinion, we found

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[2] Undesignated statutory references are to the Penal Code.

that substantial evidence supported the jury's conclusion that Shaw had the specific intent to rob the store's cashier, and that he took a direct, ineffectual act toward committing the robbery. (See *People v. Butler et al.*, *supra*, E071471.)

In bifurcated proceedings, the trial court found that Shaw had suffered four prior serious felony convictions (§ 667, subd. (a)(1)), four strike priors (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), and three prison priors (§ 667.5, subd. (b)). It sentenced Shaw to a total of 45 years to life, consisting of an indeterminate term of 25 years to life for the attempted robbery conviction, plus four consecutive 5-year terms for his serious felony priors. (See *People v. Butler et al.*, *supra*, E071471.)

On appeal, we affirmed Shaw's conviction, but remanded to the trial court with directions to resentence Shaw. As relevant here, remand was required to allow the trial court to exercise its new discretion under sections 667, subdivision (a)(1) and 1385, as amended by Senate Bill No. 1393 (2017-2018 Reg. Sess.) to strike or dismiss a prior serious felony conviction for sentencing purposes. (See *People v. Butler et al.*, *supra*, E071471.) We also ordered that Shaw's prison prior enhancements, previously imposed and stayed, be stricken pursuant to section 667.5, subdivision (b), as amended by Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) (See *People v. Butler et al.*, *supra*, E071471.)

On remand, the trial court agreed to strike Shaw's serious felony priors, but denied his renewed *Romero* motion and resentenced him to a term of 25 years to life.

## II. DISCUSSION

### A. Romero *Motion*

Shaw argues that the trial court abused its discretion by denying his renewed *Romero* motion and imposing sentence pursuant to the three strikes law. In our previous opinion, we found no abuse of discretion in the trial court's decision to deny Shaw's first *Romero* motion. (See *People v. Butler et al.*, *supra*, E071471.) Our previous analysis continues to apply with equal force: "Shaw's adult felony convictions included two robbery convictions (§ 211), as well as evading a peace officer (§ 2800.2), assaulting a peace officer or firefighter with a deadly weapon (§ 245, subd. (c)), and making terrorist threats (§ 422) . . . . Although three of Shaw's strike offenses were relatively remote in time, the only substantial gap in his adult criminal record was attributable to his serving a 21-year prison sentence for one of his robbery convictions. The trial court expressly considered the various mitigating factors raised by . . . Shaw, including [his] arguments regarding the nature of the current offense and [his] role[] in it, and evidence of [his] background[]. We find nothing arbitrary or irrational in the trial court's decision not to give those mitigating factors dispositive weight." (*People v. Butler et al.*, *supra*, E071471.)

### B. Cruel and Unusual Punishment

Shaw contends that his sentence of 25 years to life constitutes cruel and unusual punishment in violation of his federal and state constitutional rights, particularly given his age (59 at the time of resentencing), which means it is statistically likely that he will

4

not live long enough to become eligible for parole.[3]  Relying primarily on *Solem v. Helm* (1983) 463 U.S. 277 (*Helm*), he contends that his sentence is "grossly disproportionate" and "[does] not fit the crime or the person."  We disagree, finding the sentence comports with constitutional requirements.[4]

Both the United States Constitution and the California Constitution prohibit the infliction of cruel and unusual punishments.  (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17.)  Under both the federal and the state analyses, the starting point is a comparison between the gravity of the offense and the severity of the sentence.  (*Graham v. Florida* (2010) 560 U.S. 48, 59 (*Graham*); *In re Lynch* (1972) 8 Cal.3d 410, 425.)  In making this comparison, however, we must ""'"grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes."'""  (*People v. Edwards* (2019) 34 Cal.App.5th 183, 190-191.)  Moreover, it is not only the specifics of the current offense that are relevant:  "Recidivism has long been recognized as a legitimate basis for increased punishment."  (*Ewing v. California* (2003) 538 U.S. 11, 25.)  Thus, "[i]n weighing the gravity of [a defendant's] offense, we must

---

[3]  We reserved for consideration with this appeal Shaw's request that we take judicial notice of a document entitled "United States Life Tables, 2017," showing average life expectancies by age, sex, and race.  The request is granted as unopposed.  (Cal. Rules of Court, rule 8.54(c).)

[4]  In the interest of judicial economy, we consider the merits of Shaw's arguments regarding cruel and unusual punishment, and decline to decide the People's argument that he forfeited the issue by failing to raise it at his resentencing.  (See *People v. Williams* (2000) 78 Cal.App.4th 1118, 1126 [addressing on appeal issue that would otherwise be forfeited to "forestall a petition for writ of habeas corpus based on a claim of ineffectual counsel"].)

5

place on the scales not only his current felony, but also his long history of felony recidivism." (*Id.* at p. 29; see also *In re Bolton* (2019) 40 Cal.App.5th 611, 622 ["[T]hree strikes sentences for less serious felonies have been routinely upheld against Eighth Amendment attack"].)

We hold that Shaw's sentence does not constitute cruel and unusual punishment. No doubt, as Shaw emphasizes, his current offense was relatively non-violent, so far as robberies go. Nevertheless, by definition, a robbery includes violence or the threat of violence, and the jury rejected his trial arguments that his actions were no more than a poorly-considered joke. As noted, moreover, his criminal record includes a long history of serious felonies, including five strike offenses (three of which are robberies). We find Shaw's sentence to be well justified "by the State's public-safety interest in incapacitating and deterring recidivist felons, and amply supported by his own long, serious criminal record." (*Ewing v. California*, *supra*, 538 U.S. at pp. 29-30.)

Shaw's comparison of this case to the facts of *Helm*, *supra*, 463 U.S. at p. 277, is unpersuasive. In *Helm*, the defendant's prior offenses were all non-violent, and none were crimes against a person. (*Id.* at p. 280.) His current offense, triggering a sentence of life without parole under a recidivist statute, was also relatively minor and non-violent: "uttering a 'no account' check for $100." (*Id.* at p. 281.) On those facts, the Supreme Court held that the defendant had "received the penultimate sentence for relatively minor criminal conduct," and concluded that the sentence was prohibited by the Eighth Amendment. (*Id.* at p. 303.) In contrast, Shaw's long history of violent criminal

6

conduct, including his current offense, is not reasonably characterized as relatively minor. There is therefore nothing grossly disproportionate about his sentence.

Shaw also quotes *Helm* for the proposition that he "has been treated more harshly than other criminals in the State who have committed more serious crimes." (See *Helm*, *supra*, 463 U.S. at p. 303.) He has not attempted, however, to show how his punishment compares to sentences received by other, *similarly situated* offenders (that is, with similarly serious criminal histories) in California or other jurisdictions. (See *Graham*, *supra*, 560 U.S. at p.60 [describing "comparative analysis" used to "'validate[] an initial judgment that [the] sentence is grossly disproportionate]; *In re Lynch*, *supra*, 8 Cal.3d at pp. 426-427 [describing similar comparative analysis under state law].)

We conclude that under either California or federal law, Shaw has failed to demonstrate that his sentence is unconstitutionally cruel and unusual.

*C. Errors in Trial Court's Minutes and Abstract of Judgment*

At resentencing, the trial court complied with our direction that it strike Shaw's prison prior enhancements, previously imposed but stayed, in light of Senate Bill 136. This aspect of the judgment, however, was not reflected in the trial court's minute order of Shaw's resentencing hearing. Shaw's amended abstract of judgment continues to show these enhancements as imposed but stayed. The People concede, and we agree, that these clerical errors should be corrected. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment"].)

7

### III.  DISPOSITION

The judgment is affirmed.  We remand to the trial court with directions to correct the resentencing minute order and abstract of judgment to reflect that the enhancements previously imposed against Shaw under former section 667.5, subdivision (b) have been stricken, and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

CODRINGTON
Acting P. J.

SLOUGH
J.

8